### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demetrius R. Spencer, #240234, | ) | C/A No.5:12-1835-GRA-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Warden, McCormick Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Demetrius R. Spencer ("Petitioner" or "Spencer") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 22, 23. On November 7, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 24. On December 5, 2012, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment, ECF No. 27; and Respondent filed a reply to Petitioner's response on December 17, 2012, ECF No. 30. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be granted.[1]

---

[1] Other pending motions are addressed within.

I.    Background

Petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC").  In 1998, Petitioner was indicted in the August term of the Greenwood County Grand Jury for armed robbery, two counts of assault with intent to kill, presenting or pointing a firearm, and possession of a firearm or knife during the commission of a violent crime (Indictment #98GS24-1422).  Supp. App. 18-20.[2]  On August 23, 1999, a jury trial was conducted before the Honorable James W. Johnson, Jr. in Greenwood, South Carolina.  App. 1-285. Attorney E. Charles Grose, Jr. represented Petitioner, and Deputy Solicitor Timothy W. Woolston represented the State.  App. 1.  The trial ended in a mistrial. App. 285.  Petitioner was re-indicted in the May 2000 term of the Greenwood County Grand Jury for grand larceny of a motor vehicle, armed robbery, two counts of assault with intent to kill, presenting or pointing a firearm, and possession of a firearm or knife during the commission of a violent crime (Indictment #00GS24-00602).  App. 1045-47.  On May 22, 2000, a jury trial was held before the Honorable J. Derham Cole, in Greenwood, South Carolina. App.  285-829.  Attorney E. Charles Grose, Jr. represented Petitioner and Chief Deputy Solicitor Michael T. Coulter and Deputy Solicitor Timothy W. Woolston represented the State.  App. 287.  Petitioner was found guilty of grand larceny, armed robbery, two counts of assault of a high and aggravated nature ("AHAN"), pointing a firearm, and possession of a firearm during the commission of a violent crime.  App. 827-29.  Judge Cole sentenced Petitioner to five years confinement on the grand larceny and the firearm convictions, 30 years on the armed robbery conviction, and 10

_____

[2] Citations to "App." and "Supp. App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction. That appendix is available at ECF Nos. 23-1, 23-2, 23-3, 23-4, 23-5, 23-6, 23-7, 23-8, 23-9 and 23-10 in this habeas matter.

years on the AHAN convictions that were to run consecutive to the sentence imposed for armed robbery. *Id.*

II.     Procedural History

Petitioner timely served a Notice of Appeal for his convictions.   Wanda H. Haile, Esquire, Senior Assistant Appellate Defender for the South Carolina Office of Appellate Defense, represented Petitioner on appeal.   App. 831.   In the Final Brief, appellate counsel argued that: 1) the lower court erred in failing to sever the vehicular larceny charge; 2) the lower court erred in denying the motion for directed verdict on the grand larceny offense; 3) lower court erred in allowing the solicitor to introduce evidence that Petitioner shopped for, and his sister bought, a vehicle the day after the robbery; and 4) the lower court erred in allowing items found in the vehicle to be entered into evidence.   App.   834.   On June 29, 2003, the South Carolina Court of Appeals filed a Per Curiam unpublished opinion dismissing the appeal. App. 869-76.   The Court of Appeals issued the remittitur on July 9, 2003. Supp. App. 1.    On November 11, 2003, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging due process violations and ineffective assistance of trial counsel.   App. 877-96.   On November 23, 2004, the State filed a return denying Petitioner's allegations and requesting an evidentiary hearing; on December 12, 2005, an evidentiary hearing was conducted before the Honorable Wyatt T. Saunders.   *Id.* at 897-902.    Petitioner was present and represented by William H. Nicholson, III, Esq.; Assistant Attorney General Julie M. Thames represented the State.   *Id.* at 902.  Petitioner and his trial attorney, E. Charles Grose, testified at the hearing.   *Id.* at 912-69. In an Order dated January 17, 2006, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

3

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has reviewed the testimony presented at the hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court has reviewed the Greenwood County Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the PCR application, the trial transcript, and legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (1985), this Court makes the following findings of fact based upon all of the probative evidence presented.

This Court finds that the allegation that trial counsel's representation fell below reasonable professional norms is without merit. Trial counsel cannot be ineffective in failing to succeed on the motion to sever the grand larceny from the other charges. He made the motion and argued his position in a very articulate manner. The trial judge denied the motion. In addition, this issue was presented on appeal and the Court of Appeals found no merit to the issue. This Court finds that the Applicant's allegation that trial counsel was ineffective in failing to call the Applicant's sister is without merit as the Applicant did not offer her testimony at the PCR hearing. See Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995) (a PCR applicant's mere speculation what an alleged beneficial witness' testimony would have been does not satisfy the prejudice prong).

This Court finds that trial counsel was not ineffective in failing to object to the solicitor's argument that the victim could not guess height and weight. Even if he was ineffective in failing to make the objection, this Court finds the objection, if made, would not have changed the outcome of the trial. During cross-examination of the victim, trial counsel thoroughly questioned her about her inconsistent statements in regard to the perpetrator's height and weight. Further, the victim did testify that the person who robbed her at gunpoint had the same general appearance of the person who "staked out" the store shortly before the robbery took place. In addition, there was a videotape of the incident that the jury viewed. Thus, trial counsel was not ineffective in this regard.

This Court finds trial counsel was not ineffective in failing to have the fingerprints compared to other individuals. While the testimony showed several of the fingerprints were identifiable, but not to the Applicant, the car was seen near the store before the robbery and was found later with the Applicant's prints on it. Further, the testimony that the Applicant was the last person to drive the car based upon the location of the fingerprint on the gearshift was credible. This Court further finds that while much of the evidence was circumstantial, such evidence is given the same weight as direct evidence and no greater degree of certainty is required of circumstantial evidence. The jury was presented with the evidence and

4

asked to render a decision. This they did. This Court finds no indication that trial counsel was ineffective in his representation.

This Court will not address the allegations concerning the failure of trial counsel to investigate other potential suspects as the Applicant withdrew those allegations at the PCR hearing.

## V.  CONCLUSION

This Court concludes that the Applicant failed to carry his burden of proof to show that trial counsel's representation fell below reasonable professional norms or that he was prejudiced by the alleged deficient representation.  The Applicant's former trial counsel rendered reasonable effective assistance under prevailing professional norms and demonstrated a normal degree of skill, knowledge, and professional judgment that is expected of an attorney in a criminal case.  Strickland v. Washington, supra.  Cherry v. State, supra. Additionally, the Applicant did not carry his burden to show a reasonable probability that the result at trial would have been different had trial counsel done what the Applicant alleged he should or should not have done.  Johnson v. State, supra.

As to any and all allegations, which were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds that the Applicant failed to present any probative evidence regarding such allegations.  These allegations are not supported by any law and were not addressed at the hearing.  Accordingly, this Court finds that the Applicant waived the allegations and failed to meet his burden of proof regarding them.  Accordingly, they are denied and dismissed with prejudice.

IT IS THEREFORE ORDERED THAT:

1. The post-conviction relief application is DENIED AND DISMISSED WITH PREJDUCE;

2. The Court advises the Applicant and his attorney of record that any Notice of Appeal must be filed within thirty (30) days of service of the signed copy. Your attention is directed to South Carolina Appellate Court Rule 227 for appropriate procedures on appeal.

3. The Applicant is remanded to the custody of the Respondent for the completion of his sentence.

App. 985-987.  Petitioner did not file a Notice of Appeal.

On March 25, 2008, Petitioner filed a Second Application for PCR alleging ineffective assistance of counsel and lack of subject matter jurisdiction. App. 1002. On May 9, 2008, Petitioner filed a Third Application for PCR alleging ineffective assistance of PCR counsel. App. 995-97.   These two actions were merged into one Application on May 26, 2008.[3]  Supp. App. 29. On June 5, 2009, the State filed a return denying Petitioner's allegations and requesting an evidentiary hearing; on March 31, 2009, an evidentiary hearing was conducted before the Honorable Thomas A. Russo.  *Id.* at 1008-16.  Petitioner was present and represented by Jason Lee Sturkie, Esq.; Assistant Attorney General Ashley A. McMahan represented the State.  *Id.* at 1016.  Petitioner testified at the hearing.  *Id.* at  1017-34. In an Order dated April 17, 2009, the PCR court denied Petitioner's Second PCR Application in full and granted Petitioner a belated appeal from the denial of his First PCR application, making the following findings of fact and conclusions of law:

### Findings of Fact and Conclusions of Law

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (2003).

### Belated Appeal of Prior PCR

At the hearing, the Applicant alleged that he was denied effective assistance of PCR counsel when PCR counsel failed to file a Notice of Appeal from the denial of his first PCR application. The State consented to allow the Applicant to file his belated PCR appeal pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991).

---

[3] Hereinafter referred to as Second Application for PCR.

This Court agrees that the allegation that the Applicant was denied a PCR appeal is meritorious: PCR counsel must ensure that an Applicant is made fully aware of his appellate rights. "The contention that prior PCR counsel was ineffective is not *per se* a 'sufficient reason' warranting a successive PCR application under §17-27-90." Alice v. State, 305 S.C. 448, 409 S.E.2d 392 (1991). However, the only recognized exception to the rule barring claims of ineffective assistance of post-conviction relief counsel is found in Austin.

Austin "is limited to its particular factual situation. . . ." Alice, 305 S.C. at 452, 409 S.E.2d at 394. Pursuant to Austin, a post-conviction relief applicant may petition the South Carolina Supreme Court for discretionary review of the dismissal of their prior PCR application.

The Court affirmatively finds that the Applicant did not knowingly and voluntarily waive his right to an appeal from the denial of his first PCR. The Court concludes that the Applicant is entitled to a belated review of his first application. A petition for belated review pursuant to Austin v. State can remedy the Applicant's lack of a PCR appeal.

<u>Successiveness</u>

This Court finds that the current application for post-conviction relief must be summarily dismissed because it is successive to his prior application for post-conviction relief. S.C. Code Ann. §17.27.90 provides that:

> All grounds for relief available to an application under this chapter must be raised in his original, supplemental or amended Application. Any ground fina1ly adjudicated or not so raised, knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the Applicant has taken to secure relief, may not be the basis for a subsequent Application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended Application.

Successive applications are disfavored and the burden is on the Applicant to establish that any new ground raised in a subsequent application could not have been raised by him in a previous application. Foxworth v. State, 275 S.C. 615, 274 S.E.2d 415 (1981); Alice v. State, 305 S.C. 448, 409 S.E.2d 392 (1991); Arnold v. State/Plath v. State, 309 S.C. 157, 420 S.E.2d 834 (1992).

This Court finds that the current allegations were or could have been raised in the proceedings based on Applicant's prior application for post-

conviction relief and thus the current application is successive and barred under S.C. Code § 17-27-90. The Applicant has failed to establish sufficient reason why he could not have raised his current allegations in his previous application for post-conviction relief; therefore, he has failed to meet the burden imposed upon him. Land v. State, 274 S.C. 243, 262 S.E.2d 735 (l980); Alice v. State, supra; Arnold v. State/Plath v. State, supra.

## Statute of Limitations

This Court finds further, that this Application for Post-Conviction Relief should be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. S 17-27-10, et. seq. S.C. Code Ann. §17-27-45(a) reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The PCR statute of limitations applies to all applications filed after July 1, 1995. Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996). The Applicant was convicted of the offense(s) he challenges in this Application on May 24, 2000. The Court of Appeals' decision was filed, after the Applicant's unsuccessful appeal, on July 9, 2003. The Applicant was therefore required to file his application before July 10, 2004. This Application was filed on March 25, 2008, which was well after the statutory filing period had expired.

## Conclusion

Based on all the foregoing, this Court finds and concludes that the Applicant has failed to file his application within the time limits established in S.C. Code Ann. § 17-27-45(a) and must be summarily dismissed because it is successive to his prior application for PCR pursuant to S.C. Code Ann. § 17-27-90. Therefore, this Court finds that the application for post-conviction relief is summarily dismissed with prejudice for failure to file within the time mandated by statute and for being successive.

This Court further concludes that the Applicant did not voluntarily waive his right to appeal his prior PCR application. Within thirty days of service of this Order, counsel for the Applicant must file a Notice of Appeal within thirty (30) days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review. See Rule 203, SCACR. Pursuant to Austin v. State, 305 S.C. 453 (1991), an Applicant has a right to an appellate counsel's

8

assistance in seeking review of the denial of PCR. Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must serve and file a Notice of Appeal on the Applicant's behalf. Your attention is directed to South Carolina Appellate Court Rule 227 for appropriate procedures for appeal.

IT IS THEREFORE ORDERED:

1. That this current Application for Post-Conviction Relief be dismissed with prejudice.

2. That the Applicant is granted a belated appeal from the denial of his first PCR application 2003-CP-24-1365.

AND IT IS SO ORDERED.

App. 1039-42.

Petitioner, represented by Wanda H. Carter of the South Carolina Commission on Indigent Defense, filed a Petition for Writ of Certiorari pursuant to *Austin v. State*.[4] ECF No. 23-3.  The sole issue presented was whether "[t]he PCR Court erred in denying Petitioner's allegation that trial counsel was ineffective in failing to conduct adequate investigations to discover to whom the numerous fingerprints found in the alleged stolen get-a-way car belonged because this would have established that petitioner was not guilty of the grand larceny charge nor the following armed robbery charge."  *Id.* at 3. Thereafter, the State filed its return to the petition for writ of certiorari.  ECF No. 23-14.  On August 18, 2011, the South Carolina Supreme Court denied the petition for writ of certiorari, ECF No. 23-16, and issued the remittitur on September 6, 2011, ECF No. 23-17.

Petitioner filed a Third Application for PCR on August 29, 2011, alleging actual innocence and due process violations. ECF No. 23-18.  On October 29, 2011, the State filed a return arguing that Petitioner's Application should be dismissed because it was successive to the

---

[4] 409 S.E.2d 395 (S.C. 1998).

prior PCR actions and was filed after the statute of limitations had expired. ECF No. 23-19.   On November 29, 2011, the State Court entered a conditional order of dismissal of Petitioner's Third Application and granted Petitioner 20 days to provide specific reasons why his Third Application should not be dismissed in its entirety.  ECF No. 23-20.  Petitioner responded on December 27, 2011.  ECF No. 23-21.  On February 8, 2012, the State Court entered a final order of dismissal finding that Petitioner's Third Application was successive and barred by the statute of limitations.  ECF No. 23-22. Petitioner filed this habeas petition on July 2, 2012.  ECF No. 1.

III.    Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

GROUND ONE:   Ineffective Assistance of Counsel/Actual Innocence

Supporting facts: "See Attachment for Supporting facts"[5]

GROUND TWO:   Violation of right to a fair trial guaranteed under the Fourteenth Amendment due process clause/Actual Innocence

Supporting facts:   "See Attachment for Supporting facts"[6]

ECF No. 1.

---

[5] Petitioner contends that his trial counsel failed to present evidence at trial that would have explained why his fingerprints were found on the vehicle purportedly used during the armed robbery.  Petitioner also argues that his trial counsel failed to conduct an investigation to discover to whom the unidentified fingerprints in the vehicle belonged.  Petitioner contends that his trial counsel's errors caused him to be convicted although he is innocent of the charges.

[6] Petitioner contends that his counsel was ineffective when he failed to present Petitioner's alibi defense during trial.  Petitioner also argues that the trial court erred when it permitted the State to introduce shoes into evidence that could not be matched to the crime.  Petitioner contends there is no proof that he robbed the store and he can therefore meet the standard of actual innocence set forth in Schlup.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the

court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### C. Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

### IV. Discussion

### A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because Petitioner's claims are barred by the statute of limitations. ECF No. 23 at 11. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for

seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[7]

Review of the record indicates Petitioner's federal habeas petition was not timely filed. As previously summarized, Petitioner timely appealed his convictions and sentences and his appeal was perfected with the filing of a Final Brief of Appellant that was dismissed by the South Carolina Court of Appeals on June 29, 2003.  App. 831, 869-76.  To pursue review with the South Carolina Supreme court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), SCACR (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Because Petitioner did not file a Petition for Rehearing, his conviction became final on July 14, 2003, after the time period for filing a petition for rehearing had expired. *See* Rule 221(b), SCACR (stating that petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court). Petitioner's filing of his first PCR application on November 11, 2003, tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2); 120 days had elapsed when Petitioner filed his PCR application, leaving 245 days within which Petitioner could timely file a federal habeas

---

[7] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653-54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

petition. The statute of limitations remained tolled until 30 days after the issuance of the PCR

court's order on January 28, 2006, or February 27, 2006.[8]    Petitioner did not file his habeas

action until July 2, 2012, almost 2000 days after the statute of limitations had run. Clearly,

Petitioner's habeas petition is untimely. The filing of Petitioner's second PCR application on

March 25, 2008, over 500 days after the AEDPA statute of limitations expired, did not toll the

statute of limitations because the limitations period had already expired when the application was

filed.  *See Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000). Thus, Petitioner's habeas

petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

   B.  The Statute of Limitations Should Not Be Equitably Tolled

   The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect,

extend the final date for filing a habeas petition.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.

2000). The Fourth Circuit has underscored the very limited circumstances in which equitable

tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is

only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his

control or external to his own conduct, (3) that prevented him from filing on time."  *Rouse v.

Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).   Thus, rarely will circumstances warrant

equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of
> limitations must be guarded and infrequent, lest circumstances of individualized
> hardship supplant the rules of clearly drafted statutes. To apply equity generously
> would loose the rule of law to whims about the adequacy of excuses, divergent
> responses to claims of hardship, and subjective notions of fair accommodation.
> We believe, therefore, that any resort to equity must be reserved for those rare
> instances where—due to circumstances external to the party's own conduct—it

---

[8] *See* Rules 203(b)(1) and 243(b), SCACR (notice of appeal should be filed within thirty days of
receipt of written notice of entry of the order or judgment).

> would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2254 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

In his response to Respondent's summary judgment motion, Petitioner concedes that his habeas petition is not timely, but argues that he is entitled to equitable tolling. ECF No. 27. Petitioner argues that the record supports "serious instances of attorney misconduct" because his PCR counsel failed to timely appeal the denial of his PCR application despite continued reassurances that the appeal had in fact been filed. *Id.* at 3. Petitioner argues that he was diligent in his attempts to "gain information on the status of his PCR appeal" and extraordinary circumstances stood in his way and prevented his compliance with the applicable statute of limitations. *Id.* at 4.

15

The undersigned has reviewed Petitioner's subsequent PCR applications and belated appeal, and finds that even if Petitioner's statute of limitations deadline was calculated using these later filings, that Petitioner's habeas petition is still untimely.  Utilizing the filing date of Petitioner's Second PCR Application and belated appeal, the running of AEDPA statute of limitations recommenced on September 6, 2011, when the South Carolina Supreme Court issued the remittitur on Petitioner's belated PCR appeal.  Under this scenario, Petitioner had 245 days to file a habeas petition. Petitioner's habeas petition was filed on July 2, 2012, at which time an additional 300 days had elapsed on the AEDPA limitations period.  Because the habeas petition was not filed within the 245 days remaining on the limitations clock, the Petition is not timely. The undersigned further finds that Petitioner is not entitled to tolling of the statute of limitations period for the time period between his Second and Third PCR Applications because his third PCR action was found to be successive and untimely.  *See Pace*, 544 U.S. at 417 ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not properly filed and he is not entitled to statutory tolling under § 2244(d)(2).")  Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by § 2244(d)(1).

To the extent that Petitioner contends that his Petition is timely because he is actually innocent of the crimes for which he was convicted, the undersigned finds that this argument is without merit.  Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). Even if the undersigned were to assume that an "actual innocence" exception exists for a habeas claim barred by the statute of limitations, Petitioner has failed to meet its extremely high threshold

standard. A petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* at 538 (quoting *Schlup*, 513 U.S. at 327 (internal quotations and citations omitted)). Also, Petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In this matter, Petitioner has not offered any new evidence to support an "actual innocence" claim. Accordingly, it is recommended that the Respondent's motion for summary judgment be granted.[9]

V.     Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and the Petition be DENIED. If the court accepts this recommendation, Petitioner's Motion to Amend, ECF No. 28, and Motion to Stay, ECF No. 29, will be moot.

IT IS SO RECOMMENDED.

March 12, 2013                                                    Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

---

[9] Because the undersigned finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

17

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**