UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demetrius R. Spencer, #317474, ) | | C/A No.: 5:12-cv-01835-GRA |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | | **ORDER** |
| ) | | (Written Opinion) |
| Warden, McCormick Correctional ) | | |
| Institution, ) | | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

This matter comes before the court for a review of United States Magistrate Judge Kaymani D. West's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, and filed on March 12, 2013. Petitioner Demetrius R. Spencer ("Petitioner"), an inmate currently in state custody at McCormick Correctional Institution of the South Carolina Department of Corrections and proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2254 on June 28, 2012.[1] ECF No. 1. Respondent moved for summary judgment on November 6, 2012, and the Court sent Petitioner an order pursuant to *Roseboro v. Garrison*, 428 F.2d 309 (4th Cir. 1975), explaining the summary judgment process and instructing Petitioner that he had thirty-four days to respond to the motion. ECF Nos. 22 & 24. Petitioner filed a response in opposition on November 30, 2012.[2]

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The envelope Petitioner used to file the § 2254 Petition is stamped "received" by McCormick Correctional Institution Mail Room on June 28, 2012 and the postmark reveals that the petition was mailed that same day. ECF No. 1-2. However, as stated in Respondent's objections to the Report and Recommendation, the Magistrate Judge incorrectly stated that the petition was filed on July 2, 2012. Report and Recommendation 10, ECF No. 35. Accordingly, the Court finds that the § 2254 Petition was filed on June 28, 2012 and declines to adopt the portions of the Report and Recommendation that state an incorrect filing date.

[2] *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

ECF No. 27.  Respondent filed a reply to Petitioner's response on December 17, 2012.  ECF No. 30.  Magistrate Judge West now recommends that this Court grant Respondent's motion for summary judgment and Petitioner's § 2254 Petition be denied.  Report & Recommendation, ECF No. 35.  In light of Petitioner's and Respondent's objections, the Court adopts all parts of the Magistrate Judge's Report and Recommendation except for the Magistrate Judge's application of the law.  The Court will instead provide its own discussion of the law and its application to this case.  Ultimately, however, the Court agrees with the Magistrate Judge's recommendation that Respondent should be granted summary judgment on all grounds of Petitioner's petition.

## Standard of Review

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

Here, Respondent has filed a motion for summary judgment.  The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact.  Fed. R. Civ. P. 56.  Of course, a party seeking summary judgment

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Accordingly, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Discussion

Petitioner timely filed objections to the Report and Recommendation on March 26, 2013. ECF No. 37. Respondent also timely filed objections to the Report and Recommendation March 29, 2013. Each party's objections are addressed herein.

**I.      Habeas Corpus Statute of Limitations**

Because Petitioner filed his § 2254 Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), review of his claim is governed by 28 U.S.C. § 2244(d).  Under the AEDPA, habeas corpus petitions filed by persons in state custody are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count toward the one-year limitations period.  *Id.* § 2244(d)(2).

Here, review of the record indicates that Petitioner's § 2254 Petition was not timely filed.  Petitioner's conviction became final, and the AEDPA's one-year statute of limitations began running "when [Petitioner's] time for seeking [direct] review with the State's highest court expired."  *Gonzalez v. Thaler*, 565 U.S. ___, 132 S.Ct. 641, 654 (2012).  Petitioner timely appealed his convictions, and his appeal was dismissed by the South Carolina Court of Appeals on June 19, 2003.[3]  R. at 868, ECF No. 23.  To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing.  *See* Rule 242(c), SCACR (stating "[a] decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or

---

[3] As correctly noted by Respondent in his objections, the Report and Recommendation incorrectly listed this date as June 29, 2003, which resulted in an incorrect calculation of dates in regard to determining the date of finality in the direct appeal process.  *See* Report and Recommendation 13, ECF No. 35.  As such, the Court will use the correct date to calculate the limitations period.

reinstatement has been acted on by the Court of Appeals."). Because Petitioner did not file a Petition for Rehearing, his convictions would have become final fifteen days after the Court of Appeals filed its opinion. *See* Rule 221(a), SCACR (stating "[p]etitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). However, because July 4, 2003 was a federal holiday, and the following two days were Saturday and Sunday, Petitioner's convictions became final on July 7, 2003. Rule 263, SCACR.

As such, the AEDPA's one-year statute of limitations began to run after July 7, 2003. Petitioner's filing of his first post-conviction relief ("PCR") application on November 11, 2003 tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). By the time Petitioner filed this PCR application, 127 days had elapsed, leaving 238 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled through February 17, 2006—thirty (30) days after the PCR court entered its order of dismissal on January 18, 2006.[4]  *See* Rule

---

[4] The Magistrate Judge stated that the 2006 PCR court order was issued on January 28, 2006. Report and Recommendation 14, ECF No. 35. However, as stated in Respondent's objections, the record indicates that the PCR court's order of dismissal was dated January 17, 2006 and entered on January 18, 2006. R. at 987, ECF No. 23; ECF No. 23-11. Respondent also objects to tolling the statute of limitations an additional thirty (30) days from the entry of the order of dismissal, which is the amount of time Petitioner could have but did not file an appeal. Respondent is correct in his assertion that there is authority that states the limitations period should not be tolled for any additional time when a petitioner does not seek an appeal. *See Ballenger v. Mauney*, C/A No. 6:07-cv-00496-RBH, 2008 WL 725546, at *3 (D.S.C. Mar. 17, 2008) (finding that a PCR order became final on the date of the order of dismissal when the petitioner did not seek appellate review). Neither the Supreme Court nor the Fourth Circuit has specifically addressed this issue. *Lester v. South Carolina*, 57 F. App'x 156, 157–58 (4th Cir. 2003). However, the Fourth Circuit has stated that under 28 U.S.C. § 2244(d)(2) "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or *expiration of time to seek further appellate review*), is tolled from the limitations period for federal habeas corpus petitioners." *Rouse v. Lee*, 339 F.3d 238, 244 (emphasis added) (quoting *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999)). Moreover, contrary authority exists to support that the statute of limitations should be tolled during the time allowed for appeal even if the petitioner does not actually appeal the PCR court order. *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that "regardless of whether a petitioner actually

203 (b)(1) and 243(b), SCACR.  Thus, the AEDPA statute of limitations expired 238 days after this date on October 13, 2006.  Petitioner did not file his habeas action until June 28, 2012, which is over 2,000 days after the statute of limitations period had ended.  The statute of limitations was not further tolled by Petitioner filing his second PCR application on March 25, 2008 because by that time the one-year limitations period had already expired.

Therefore, the Court finds that Petitioner's § 2254 Petition was untimely filed under the provisions of the AEDPA.

## II.     Equitable Tolling

While Petitioner's §2254 Petition was filed outside of the AEDPA's one-year statute of limitations, this period may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549, 2562 (2010).  A Petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Whether equitable tolling applies depends on the facts and circumstances of each case. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

In his response to Respondent's motion for summary judgment and his objections to the Report and Recommendation, Petitioner argues that the statute of limitations should be equitably tolled because of "serious instances of attorney misconduct." ECF Nos. 27 & 37.  To be considered an "extraordinary circumstance,"

---

appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law.").  Nonetheless, it is not necessary for the Court to decide this issue because regardless of whether the period to appeal the PCR order is tolled, Petitioner's § 2254 Petition is still untimely.  For purposes of this discussion, however, the Court has included the time to appeal in the tolling period.

attorney misconduct must be more egregious than "'a garden variety claim of excusable neglect.'" *Holland*, 130 S.Ct. at 2564 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). In fact, "a simple 'miscalculation' that leads a lawyer to miss a filing deadline" does not warrant equitable tolling. *Id.* (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). However, extraordinary circumstances may be present in situations where a petitioner alleges abandonment "evidenced by counsel's near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests over a period of several years." *Holland*, 130 S.Ct. at 2568 (Alito, J., concurring in part and concurring in judgment).

      The Court agrees with the Magistrate Judge that under the circumstances of this case, Petitioner is not entitled to equitable tolling. Petitioner argues that his PCR counsel deceived, tricked, and misguided him. ECF No. 27. Specifically, Petitioner alleges that his PCR counsel failed to timely appeal the denial of his first PCR application despite continued reassurances that the appeal had in fact been filed. *Id.* Petitioner also alleges that counsel miscalculated the time Petitioner had left to file a habeas petition. ECF No. 37. However, there is no evidence in the record that counsel's failure to timely file an appeal of Petitioner's first PCR application was anything more than a mistake, oversight, or "garden variety" negligence, which is insufficient to establish extraordinary circumstances. *See Holland*, 130 S.Ct. at 2564. Petitioner's own declaration states that after Petitioner inquired about his appeal, his PCR counsel wrote him "sending his apologies and said for some reason he neglected to submit [Petitioner's] . . . appeal and further suggested that [Petitioner] submit a second PCR application addressing this error." ECF No. 27-1. Thus,

Petitioner's PCR counsel did not abandon Petitioner, and his failure to file a notice of appeal has not been shown to rise above the level of excusable neglect. Additionally, any miscalculation on the deadline for Petitioner to file a habeas petition does not constitute an extraordinary circumstance that warrants equitable tolling. *See Holland*, 130 S.Ct. at 2564.

Furthermore, even if the statute of limitations was tolled until the filing date of Petitioner's Second PCR Application and belated appeal, his § 2254 Petition would still be untimely. Under this scenario, the AEDPA statute of limitations would have recommenced on September 6, 2011, when the South Carolina Supreme Court issued the remittitur on Petitioner's belated PCR appeal. ECF No. 23-17. Petitioner had 238 days from this date to file the petition. However, Petitioner waited almost 300 days to file his § 2254 Petition on June 28, 2012. Accordingly, equitable tolling of the statute of limitations for any alleged attorney misconduct is not warranted in this case.

Finally, to the extent Petitioner alleges that a claim of "actual innocence" can be an extraordinary circumstance that will equitably toll the AEDPA's statute of limitations in a habeas action, the Court finds that it is unclear whether actual innocence provides grounds for equitable tolling or serves as an exception to the statute of limitations. *See Jones v. South Carolina*, C.A. No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not* having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates'

advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.").

Regardless, even if the Court were to assume that an "actual innocence" exception exists for a habeas claim barred by the AEDPA's statute of limitations, Petitioner has failed to make a sufficient showing of actual innocence. A petitioner claiming actual innocence "must establish that, in light of *new* evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (emphasis added) (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)). This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* (quoting *Schulp*, 513 U.S. at 327 (internal quotations and citations omitted)). Also, a petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner's arguments fail to meet this extremely high threshold. Magistrate Judge West found that Petitioner had not offered any new evidence to support an "actual innocence" claim. Report and Recommendation 17, ECF No. 35. In his objections, Petitioner asserts that his "sister Crystal Lewis who was a state witness . . . could have proven that petitioner was at a different location at the time the crime was committed." ECF No. 37. Petitioner also alleges that "Fredriques Ross . . . could have testified as to how petitioner['s] fingerprint got on the gearshift inside the car." *Id.* Petitioner alleges that his trial counsel should have taken more time to talk to these witnesses to corroborate Petitioner's version of the facts. *Id.* However, the Court finds that these mere conclusory unsubstantiated claims do not

rise to the level of "new reliable evidence" as required under the "actual innocence" standard. *See House*, 547 U.S. at 537. These statements, without more, simply would not make a reasonable, properly instructed juror change his or her mind about petitioner's guilt. *Id.* Accordingly, Petitioner's objection is overruled.

## Conclusion

Therefore, after a thorough review of the record, the Report and Recommendation, and the relevant case law, and for the reasons stated above, the Court agrees with the Magistrate Judge's recommendation that Respondent should be granted summary judgment on all grounds of Petitioner's petition.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment is GRANTED and that Petitioner's § 2254 Petition is DISMISSED with prejudice. The Court declines to issue a certificate of appealability in this matter.[5]

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend (ECF No. 28) and Motion to Stay (ECF No. 29) are DISMISSED as MOOT.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

May  22 , 2013
Anderson, South Carolina

---

[5] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2), *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").